IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN CONTI<br>5261 Chillicothe Road<br>Chagrin Falls, Ohio 44022<br><br>Plaintiff,<br><br>v.<br><br>MAYFIELD VILLAGE<br>6622 Wilson Mills Road<br>Mayfield Village, Ohio 44143<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br><br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

## INTRODUCTION

1. Plaintiff Steven Conti is a United States Citizen and Geauga County, Ohio resident.

2. Defendant Mayfield Village is a unit of local government organized under the laws of the State of Ohio.

3. Mayfield Village is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

4. Jurisdiction is proper over Mayfield Village pursuant to 28 U.S.C. § 1331 in that Conti is alleging federal law claims arising under 42 U.S.C. § 1983.

5. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which Mayfield Village operates and conducts business.

## FACTUAL ALLEGATIONS

6. Conti incorporates by references the allegations from the preceding paragraphs as if fully re-alleged herein.

7. In or around September 2013, Mayfield Village hired Conti as a Firefighter/Paramedic.

8. At the time Conti was hired by Mayfield Village, Conti brought a wealth of experience to his position.

9. Conti was a dedicated and high-performing employee during his tenure at Mayfield Village.

10. Conti was motivated to move up the ranks at Mayfield Village, and continually sought promotions.

11. In or around August 2015, Conti placed second of all test-takers on a promotional examination to be promoted to Lieutenant.

12. Around the same time that Conti successfully completed the promotional examination, Conti became President of his local union, The International Association of Firefighters, Local 2619 (the "Union").

13. In or around September 2015, the candidate who placed first on the August 2015 promotional examination was promoted to Lieutenant, moving Conti up to the first spot eligible for a promotion.

14. In or around December 2016, Mayfield Village passed Conti up for a promotion to Lieutenant even though he had the highest score on the promotional examination.

15. Conti was passed up for a promotion in favor of a candidate who achieved a lower score than Conti on the promotional examination.

16. In or around March 2017, Conti scored first on a new promotional examination administered by Mayfield Village.

17. In or around June 2017, Conti was promoted by Mayfield Village to the rank of Lieutenant.

18. In or around October 2017, the Chief of the Mayfield Village Fire Department, Eugene Carcioppolo, became upset at Conti because Conti had a scheduled and approved vacation taking place during December 2017.

19. Chief Carcioppolo told Conti that he was expected to cancel his previously scheduled and approved vacation.

20. Conti was unsure as to whether Chief Carcioppolo's demand that Conti cancel his previously scheduled and approved vacation was proper under the Collective Bargaining Agreement ("CBA") between Mayfield Village and the Union.

21. Conti exercised his valid right to approach the Union executive board and voice his concerns about Chief Carcioppolo's request.

22. The Union executive board determined that Conti's concern was valid and the Union approached Chief Carcioppolo to resolve the issue.

23. Chief Carcioppolo was incensed that Conti approached the Union about the issue, and set out on a course to punish Conti for validly exercising his collectively-bargained-for rights.

24. On or about December 7, 2017, Chief Carcioppolo summoned Conti to the Chief's office for a performance review.

25. At the December 7, 2017 performance review meeting, Chief Carcioppolo threatened to demote Conti for approaching the Union regarding the vacation issue.

26. On or about January 12, 2018, Chief Carcioppolo continued Conti's performance review.

27. Chief Carcioppolo told Conti that by going to the Union with his concerns, Conti's actions were akin to Conti telling Chief Carcioppolo to "go fuck himself."

28. At the January 12, 2018 performance review meeting, Chief Carcioppolo again threatens to demote Conti.

29. On or about January 22, 2018, Chief Carcioppolo told Conti over the phone that if Conti did not voluntarily step down from his position of Lieutenant, Chief Carcioppolo would recommend Conti's demotion to the Mayor of Mayfield Village, Brenda Bodnar.

30. Conti refused to step down from the position of Lieutenant.

31. On or about February 16, 2018, Mayor Bodnar held a meeting where she informed Conti that he was being demoted from the position of Lieutenant.

32. At the February 16, 2018 meeting with Mayor Bodnar, Conti was provided with a written letter memorializing his demotion.

33. In the letter and at the meeting, Conti was given no specific basis for his demotion other than that he was being demoted as a result of "performance that is deficient beyond what is expect of a fire department Lieutenant."

34. Conti was not provided with a "disciplinary hearing" pursuant to *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985) in any form prior to his demotion from the position of Lieutenant.

35. Conti was not afforded an opportunity to be informed of the allegations of performance deficiencies that were cited by Mayor Bodar in the February 22, 2018 meeting.

36. The CBA provides for the following probationary period:

### ARTICLE 8
### PROBATIONARY PERIOD

> **Section 8.1.** All full-time employees shall be required to successfully complete a probationary period of one (1) year, prior to their permanent appointment. The probationary period shall begin on the first day for which the employee receives compensation from the employer.

37. The CBA does not provide for any additional probationary period upon promotion.

38. In or around September 2014, Conti successfully completed his probationary period.

39. Conti was under no probationary period at the time of his demotion.

40. Any assertion that a Mayfield Village firefighter would be rewarded with a new probationary period upon promotion defies the CBA, which supersedes any Mayfield Village mandates.

41. Any assertion that a Mayfield Village firefighter would be rewarded with a new probationary period upon promotion defies logic and common sense.

### FIRST CAUSE OF ACTION
### (Violation of 42 USC § 1983)

42. Conti incorporates by references the allegations from the preceding paragraphs as if fully re-alleged herein.

43. The Due Process protections under the United States Constitution and Ohio Revised Code § 505.38(A) confers to firefighting personnel a constitutionally-protected property interest in their employment.

44. As a Mayfield Village firefighter for over 12 months, Conti had a property interest in his continued employment pursuant to the Due Process protections under the United States Constitution and R.C. § 505.38(A).

45. To avoid its obligations under the Due Process protections under the United States Constitution and R.C. § 505.38(A), Mayfield Village attempted to enforce a rule that a promoted firefighter had to complete a new one-year period of probation.

46. Mayfield Village's one-year term of probation for promoted firefighters is unenforceable as a matter of the CBA, fact, law, equity, and public policy.

47. Prior to demoting him, Mayfield Village denied Conti a hearing, the ability to present witnesses, the ability to present evidence, and any other ability to contest the basis for his demotion.

48. Mayfield Village, acting under color of state law, deprived Conti of his property interest without due process of law.

49. Mayfield Village's conduct, as described herein, was malicious, intentional, and/or recklessly or callously indifferent to Conti's constitutionally-protected rights.

50. Mayfield Village's conduct has caused, and will continue to cause, financial, reputational, and other compensable harm to Conti, for which Mayfield Village is liable.

## CONCLUSION

Plaintiff Steven Conti seeks judgment against Mayfield Village in an amount in excess of $75,000 to fully, fairly, and justly compensate him for injury, damage, and loss, and respectfully prays that this Court enter judgment in his favor and award him reinstatement to the rank of Lieutenant with back pay, and all reasonable attorneys' fees, costs and expenses.

Respectfully submitted,

*/s/ Sean H. Sobel*
Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
2460 Fairmount Boulevard
Suite 314
Cleveland, Ohio 44106
T: (216) 223-7213
F: (216) 223-7213
sobel@swmlawfirm.com

*/s/ Eric W. Henry*
Eric W. Henry (0086750)
The Henry Law Firm
529 E. Washington St. Suite 240
Chagrin Falls, OH 44022
T: (440) 337-0083
F: (440) 337-0084
eric@erichenrylaw.com

*Attorneys for Plaintiff Steven Conti*

## **JURY DEMAND**

Plaintiff Steven Conti demands a trial by jury by the maximum number of jurors permitted.

/s/ *Sean H. Sobel*
Sean H. Sobel (0086905)

*Attorney for Plaintiff Steven Conti*