UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------------

| | : | |
|---|---|---|
| STEVEN CONTI | : : : | |
| | : | Case No. 1:19-cv-00591 |
| Plaintiff, | : : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 17] |
| MAYFIELD VILLAGE, | : : | |
| Defendant. | : | |

-------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Steven Conti sues Mayfield Village in this § 1983 action.  Conti claims he was deprived of his property interest in his Mayfield Village fire lieutenant position without a constitutionally needed hearing.

Defendant moves for summary judgment on the ground that Plaintiff must arbitrate his claim and on the ground that Plaintiff did not have a property interest in his probationary lieutenant position.[1]  Plaintiff opposes summary judgment.[2]

For the following reasons, the Court **DENIES** Defendant's motion.

I. **Background**

In September 2013, Mayfield Village hired Plaintiff as a full-time firefighter/paramedic.[3]  Plaintiff served a one-year probationary period following his hiring.[4]

On June 19, 2017, Defendant Mayfield Village promoted Plaintiff to the position of

---

[1] Doc. 17-1.
[2] Doc. 23.
[3] Doc. 17-1 at 1; Doc. 23 at 3.
[4] Doc. 17-1 at 2; Doc. 23 at 3.

Case No. 1:19-cv-00501
Gwin, J.

lieutenant.[5]  On February 16, 2018, Defendant Mayfield Village notified Plaintiff that Plaintiff Conti was demoted from lieutenant to the position of firefighter/paramedic.[6]

A collective bargaining agreement ("CBA") controls the employment relationship between Defendant and its firefighters.[7]

On February 22, 2018, Plaintiff filed a grievance under the CBA's grievance procedure with the fire chief.[8]  The fire chief denied the grievance.

Plaintiff then took the next step in the grievance procedure with an appeal to the mayor.  In reply to Plaintiff's grievance appeal to the mayor, the mayor responded that "Firefighter Conti's reduction in rank is not appealable through the grievance procedure."[9]  The mayor refused to schedule a meeting about the grievance.[10]

Plaintiff did not seek to arbitrate his grievance.[11]

On March 18, 2019 Plaintiff filed this suit.

## II. Discussion

The Court grants summary judgment if the movant demonstrates that there is no genuine dispute of material fact and he is entitled to judgment as a matter of law.[12]  A genuine issue of material fact exists if a reasonable jury could return a verdict for the non-moving party.[13]  The Court views the evidence, and draws all reasonable inferences, in the light most favorable to the non-moving party.[14]

---

[5] Doc. 17-1 at 2; Doc. 23 at 3.
[6] Doc. 17-1 at 2; Doc. 23 at 3.
[7] Doc. 21-1 at 4.
[8] Doc. 17-1 at 5; Doc. 23 at 4.
[9] Doc. 23-1.
[10] *Id.*
[11] Doc. 17-1 at 6; Doc. 23 at 5.
[12] Fed. R. Civ. P. 56(a).
[13] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[14] *E.g., Rhinehart v. Scutt*, 894 F.3d 721, 735 (6th Cir. 2018).

-2-

Case No. 1:19-cv-00501
Gwin, J.

**A. The Court Has Subject Matter Jurisdiction.**

Defendant initially argues that the Court does not have subject matter jurisdiction because Conti "failed to exhaust all of his mandatory and binding administrative remedies under the subject [CBA]."[15]  Plaintiff Conti responds that the mayor stopped his ability to use the grievance procedure by refusing to consider his appeal.  Conti says this refusal stopped his ability to go to arbitration and does not bar this suit.

Confusingly, both parties focus their briefing on the applicability of certain Ohio state court cases concerning the interpretation of collective bargaining agreement grievance procedure clauses.  Neither Defendant nor Plaintiff make any argument addressing why this *federal* court does or does not have subject matter jurisdiction over Plaintiff's *federal* claim alleging a violation of his *federal* constitutional rights.

Parties are free to enter into contractual relations that mandate the resolution of disputes through alternative methods, including arbitration.  Collective bargaining agreements are not excepted from this rule.[16]

However, for a federal statutory claim to be arbitrable, the parties' intent must be "explicitly stated" in the CBA.[17]  The CBA must specifically mention the relevant statute "for it to even approach the clear and unmistakable" standard for submission of a statutory claim to arbitration.[18]

Plaintiff Conti makes a § 1983 claim alleging a violation of his procedural due process rights.  The CBA's grievance procedures govern "allegations . . . that there has been a

---

[15] Doc. 17-1 at 7.
[16] *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 256 (2009).
[17] *Id.* at 258-59.
[18] *Youngblood v. Board of Comm. Of Mahoning County*, 4:19CV231, 2019 WL 4256855, at *3 (N.D. Ohio Sept. 9, 2019) (citing *Bratten v. SSI Servs., Inc.*, 185 F.3d 625, 631 (6th Cir. 1999)) (internal quotations omitted).

-3-

Case No. 1:19-cv-00501
Gwin, J.

breach, misinterpretation, or improper application of [the CBA], including all disciplinary actions."[19] The Mayfield Village CBA "does not plainly demonstrate an intent to govern [Plaintiff's § 1983] claim."[20]

Whether Plaintiff has or has not satisfied the CBA's grievance procedure is beside the point. The Court has subject matter jurisdiction over Conti's claim because the collective bargaining agreement does not explicitly stop judicial review of statutory § 1983 claims.

The Court denies Defendant's motion for summary judgment on this ground.

### B. Plaintiff Was Not a Probationary Employee.

Defendant next argues that Plaintiff was a probationary employee with no vested property interest in his lieutenant position.[21] Responding to this argument, Plaintiff says that he finished his one and only required probationary period after his first year working for the Defendant.[22]

Defendant makes contradictory arguments on this point. First, as noted above, Defendant argues that the CBA required Plaintiff Conti to fulfill the grievance procedure and to bring his claims to arbitration. But with its argument that Plaintiff was a probationary employee, Defendant says "as a probationary employee, Plaintiff could be reduced without a hearing, appeal or allowance of a grievance under the CBA."[23] Mayfield Village argues that Plaintiff was required to comply with the CBA grievance procedure and alternatively argues that Plaintiff was a probationary employee who had no grievance rights under the CBA.

The disputed language, Article 8 of the CBA, reads:

---

[19] Doc. 21-1 at 16.
[20] *Short v. May*, No. 1:13-CV-704, 2014 WL 4377828, at *5 (S.D. Ohio 2014).
[21] Doc. 17-1 at 13.
[22] Doc. 23 at 8.
[23] Doc. 17-1 at 18.

-4-

Case No. 1:19-cv-00501
Gwin, J.

> Section 8.1.  All full-time employees shall be required to successfully complete a probationary period of one (1) year, prior to their permanent appointment. The probationary period shall begin on the first day for which the employee receives compensation from the Employer.
>
> Section 8.2.  Probationary employees may be removed during their initial probationary period.  Removal during the probationary period is not appealable through the grievance procedure contained herein.[24]

Although the CBA is not a model of clarity, especially in regard to its lack of defined terms, Section 8.1 is clear.[25]  The probationary period only applies to employees "prior to their permanent appointment" and begins "on the first day for which the employee receives compensation from the Employer."[26]

In September 2013, Plaintiff began work for the Defendant.  Mayfield village has paid compensation to Plaintiff Conti since that time.  Under the CBA, he is not a probationary employee.

The CBA as a whole supports this conclusion.

Defendant points to the "Fire Lieutenant, Class B – Probationary" position in Section 21.1's salary schedule as support its reading that Plaintiff was a probationary employee. However, the placement of the undefined term "Probationary" after a promotional position without further explanation is hardly dispositive of this matter.

Defendant's argument ignores the other CBA references to probationary employees that distinguishes between probationary employees and promoted employees.

Section 29.4 of the CBA says that any "permanent full-time *non-probationary*

---

[24] Doc. 21-1 at 12.
[25] *Schempp v. GC Acquisition, LCC*, 161 F.Supp.3d 584, 5901-591 (N.D. Ohio 2014), *aff'd*, 630 Fed. Appx. 541 (6th Cir. 2015) ("Contract terms are usually to be given their ordinary meaning when the terms of the contract are clear on their face and the court has no need to construe the evidence otherwise.").
[26] Doc. 21-1 at 12.

Case No. 1:19-cv-00501
Gwin, J.

employee" who withdraws from medical insurance coverage will receive additional compensation instead.[27] Under Defendant's reading of the contract, Plaintiff would suddenly become ineligible for this benefit based solely on his promotion to a higher rank, a nonsensical result.

Section 27.1 outlines the procedures for "newly hired *probationary* employees" to receive uniforms at the Defendant's expense. Under that provision, if the "employee fails to complete the probationary period," the uniforms must be returned to Defendant.[28] Notably, a separate section of the same article of the CBA, Section 27.4, states that Defendant will also purchase uniforms when necessary for promoted employees.[29] Section 27.4 does not use the term "probationary" at any point, nor does it state whether the promoted employee would be required to return the uniforms if the employee fails to complete the probationary period Mayfield Village claims promoted lieutenants must complete. The effort to distinguish between probationary and promoted employees supports a finding that Plaintiff could not have been a probationary employee.

Defendant points to a variety of extrinsic evidence in support of its position, including that the mayor, fire chief, and Plaintiff all referred to Plaintiff as a probationary lieutenant.[30] Defendant also argues that its reading is consistent with the Mayfield Village Charter and Civil Service Rules and that the Court should look to both documents to aid in its interpretation.

Defendant's argument ignores basic principles of contract interpretation. The Court

---

[27] Doc. 21-1 at 35 (emphasis added).
[28] Doc. 21-1 at 31.
[29] *Id.*
[30] Doc. 17-1 at 13-15.

-6-

Case No. 1:19-cv-00501
Gwin, J.

may only examine evidence extrinsic to the parties' agreement if the contract is ambiguous.[31] Defendant do not argue that the contract is ambiguous and states that "the CBA is clear."[32] Defendant's extrinsic evidence is therefore irrelevant.

As Plaintiff was not a probationary employee, he had a property interest in his lieutenant position.[33]

The Court denies Defendant's motion for summary judgment on this ground.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion for summary judgment.

IT IS SO ORDERED.

Dated: September 18, 2019                    s/    *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[31] *Schempp*, 161 F.Supp.3d at 590-591 (N.D. Ohio 2014) ("Parol, or extrinsic, evidence is only admissible if the terms of the contract are ambiguous.")
  Defendant argues that the charter and civil service code apply by the terms of the CBA. The Court does not reach that issue, but notes that even if that were the case, the language of the CBA clearly refutes Defendant's position regarding Plaintiff's probationary status. Where a collective bargaining agreement conflicts with city charter provisions or even state law, the collective bargaining agreement controls. *Ste. Marie v. City of Dayton*, 109 F. Supp.2d 846, 851 n. 8 (S.D. Ohio 2000).
[32] Doc. 25 at 7.
[33] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 539 (1985) (affirming that employees "possessed property rights in continued employment"); *see also Taylor v. City of Middletown*, 58 Ohio App. 3d 88, 91 (Ohio Ct. App. 1989) (holding that *Loudermill* does not apply to probationary employees).