UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

: :
STEVEN CONTI :
: Case No. 1:19-cv-00591
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 27, 28]
MAYFIELD VILLAGE, :
:
Defendant. :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Steven Conti sues Mayfield Village in this § 1983 action. Conti claims he was deprived of his property interest in his Mayfield Village fire lieutenant position without a constitutionally required hearing.

Defendant Mayfield Village moved for summary judgment on the grounds that Plaintiff was required to arbitrate his claim and that Plaintiff did not have a property interest in his position.[1] The Court denied Mayfield Village's request for summary judgment.[2]

Defendant now asks the Court to reconsider its ruling.[3] As in its summary judgment motion, Defendant argues that the Court does not have subject matter jurisdiction over Plaintiff's claim due to the collective bargaining agreement's arbitration clause. Plaintiff asks that the Court strike Defendant's motion for reconsideration.[4]

For the following reasons, the Court **DENIES** Defendant's motion and **DENIES** as moot Plaintiff's motion to strike.

I. **The Court's Order Denying Summary Judgment Stands.**

---

[1] Doc. 17-1.
[2] Doc. 26.
[3] Doc. 27.
[4] Doc. 28. Defendant opposes the motion to strike. Doc. 29.

Defendant stylized its motion as a motion for reconsideration under Federal Rules of Civil Procedure Rule 59(e). "But because neither party moved for final judgment under Rule 54(a) and claims remain in this litigation . . . the proper mechanism is a motion under Rule 54(b)."[5]

"District courts have authority . . . to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment."[6] Reconsideration is justified "when there is (1) an intervening change of controlling law; (2) new evidence available; or, (3) a need to correct a clear error or prevent manifest injustice."[7]

Defendant argues that "manifest injustice will occur to Defendant due to misapplication of precedent and a rule of law to this case."[8]

In its summary judgment order, the Court relied upon *14 Penn Plaza LLC v. Pyett* and its progeny for the standard that "for a federal statutory claim to be arbitrable, the parties' intent must be 'explicitly stated' in the CBA. . . . The CBA must specifically mention the relevant statute 'for it to even approach the clear and unmistakable' standard for submission of a statutory claim to arbitration."[9]

Defendant argues that this Court misapplied precedent when it held that "the collective bargaining agreement does not explicitly stop judicial review of statutory § 1983 claims."[10] Defendant says that Plaintiff's claim is entirely dependent upon the

---

[5] *Novia Commc'ns, LLC v. Weatherby*, No. 3:16-cv-587, 2019 WL 669622, at *1-2 (N.D. Ohio Feb. 19, 2019), *appeal filed*, *Novia Commc'ns V. Weatherby*, No. 19-3421 (6th Cir. May 8, 2019).
[6] *Jackson v. City of Cleveland*, 219 F.Supp.3d 639, 641-42 (N.D. Ohio 2016) (internal quotations and citations omitted).
[7] *Id.*
[8] Doc. 27 at 2.
[9] Doc. 26 at 3.
[10] Doc. 26 at 4.

Case No. 1:19-cv-00591
Gwin, J.

interpretation of the collective bargaining agreement, so *Penn Plaza* and the related precedent is inapplicable.[11]

"It is not the function of a motion to reconsider . . . to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue."[12] This is exactly what Defendant seeks to do.

Defendant argues that its motion for reconsideration raises "something new," as the controlling law was not "previously briefed by either party."[13] According to Defendant, the federal case law the Court relied upon in its ruling, was not "something that would have been originally raised by Defendant as the rule of law." Instead, Defendant contends that it "would have been an argument made by Plaintiff to establish subject matter jurisdiction."[14] Defendant says that it "would not have raised the issue the Court relied upon in its original ruling as it would have been raising a position adverse to its argument."[15]

Defendant's arguments are perplexing. To the extent that Defendant suggests that it has no duty to brief the applicable law, that such a task is left to Plaintiff, its argument is wrong. The case law relied upon by the Court directly addresses how federal courts are to treat arbitration clauses in disputes between parties to a collective bargaining agreement. They control how the Court resolves the dispute. Defendant could not have made a winning argument on this point without addressing or distinguishing these cases. Thus,

---

[11] Doc. 27 at 12.
[12] *McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996) (internal quotations omitted).
[13] *Id.* at 2.
[14] Doc. 29 at 2.
[15] *Id.* at 1.

-3-

Case No. 1:19-cv-00591
Gwin, J.

Defendant's motion for reconsideration offers only arguments that, with due diligence, Defendant should have raised before.

Additionally, the assertion that Defendant was exempt from referencing the controlling law because it was "adverse to [Defendant's] argument" contradicts the entirety of Defendant's motion for reconsideration.[16] If *Penn Plaza* and its progeny are so adverse to Defendant, then the Court's applying them when denying summary judgment would not seem to constitute a clear error as Defendant argues.

Defendant seeks to relitigate an issue that it could and should have devoted time to in its motion for summary judgment. A party cannot properly use a motion for reconsideration for this purpose.

In any event, the Court is satisfied that its denial of summary judgment was not a clear error or manifest injustice. Pursuant to *Penn Plaza* and related precedent, the Court has subject matter jurisdiction over Conti's claim because the collective bargaining agreement does not explicitly require statutory § 1983 claims' arbitration.

Despite Defendant's framing of Plaintiff's claim as a "dispute as to the contents of a [collective bargaining agreement],"[17] Plaintiff Conti's claim that he was deprived of his property without a constitutionally related hearing is not a dispute over the agreement. It is a dispute over a constitutionally protected right. The parties' agreement does not contemplate arbitrating § 1983 claims or the constitutional rights underlying them.

---

[16] Doc. 29 at 1.
[17] Doc. 27 at 11.

Case No. 1:19-cv-00591
Gwin, J.

Defendant's motion for reconsideration is therefore denied. In light of the Court's denial of the motion for reconsideration, Plaintiff's motion to strike the motion for reconsideration is moot.

II. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion for reconsideration and **DENIES** as moot Plaintiff's motion to strike the motion for reconsideration.

IT IS SO ORDERED.


Dated: October 8, 2019                         *s/     James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE